*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* ANNE M. SPIVAK REVOCABLE TRUST.

---

FRANK JOHN FISHER, Co-Trustee for the ANNE
M. SPIVAK REVOCABLE TRUST, PETER P.
PERRON, MARC E. THOMAS, and BENDURE &
THOMAS,

        Appellees,

v

MICHELLE M. PERRON,

        Appellant.

UNPUBLISHED
February 10, 2022

No.  354465
Wayne Probate Court
LC No.  2018-843290-TV

---

*In re* SPIVAK ESTATE.

---

FRANK JOHN FISHER, Personal Representative of
the ESTATE OF ANNE MARKLEY SPIVAK,
PETER P. PERRON, MARC E. THOMAS,
BENDURE & THOMAS,

        Appellees,

v

MICHELLE M. PERRON,

        Appellant.

No.  354466
Wayne Probate Court
LC No.  2017-831763-DE

---

*In re* ANNE M. SPIVAK REVOCABLE TRUST.

---

-1-

FRANK JOHN FISHER, Co-Trustee for the ANNE
M. SPIVAK REVOCABLE TRUST, PETER P.
PERRON, and MICHELLE M. PERRON,

        Appellees,

v

BENDURE & THOMAS and MARC E. THOMAS,

        Appellants.

No. 354468
Wayne Probate Court
LC No. 2018-843290-TV

---

*In re* SPIVAK ESTATE.

---

FRANK JOHN FISHER, Personal Representative of
the ESTATE OF ANNE MARKLEY SPIVAK,
PETER P. PERRON, and MICHELLE M. PERRON,

        Appellees,

v

BENDURE & THOMAS and MARC E. THOMAS,

        Appellants.

No. 354469
Wayne Probate Court
LC No. 2017-831763-DE

---

*In re* ANNE M. SPIVAK REVOCABLE TRUST.

---

FRANK JOHN FISHER, Co-Trustee for the ANNE
M. SPIVAK REVOCABLE TRUST,

        Appellant,

v

MICHELLE M. PERRON, BENDURE &
THOMAS, MARC E. THOMAS, and PETER P.
PERRON,

        Appellees.

No. 354471
Wayne Probate Court
LC No. 2018-843290-TV

---

-2-

Before: GLEICHER, C.J., and BORRELLO and RONAYNE KRAUSE, JJ.

PER CURIAM.

The Wayne County Probate Court sanctioned Michelle Perron (a cotrustee of her mother's revocable living trust) and her attorney for misfiling petitions pertaining to her deceased mother's trust and awarded the trust attorney fees, finding that Michelle's litigation amounted to a breach of trust. The filing errors were merely administrative missteps that caused no harm or delay and did not warrant sanctions. And Michelle's pursuit of equal treatment under the trust, both in her role as a cotrustee and as a beneficiary, did not amount to a breach of trust. We reverse the probate court's orders to the contrary.

I. BACKGROUND

Anne Markley Spivak died in 2017 with both a valid will and a valid revocable living trust (RLT). Spivak was survived by five children: Frank Fisher (the personal representative of Spivak's estate and a cotrustee of the RLT), Michelle Perron (a cotrustee of the RLT), Peter Perron (a Washington trust attorney), Peter Spivak, Jr. (a cotrustee of the RLT), and Jeffrey Spivak. Tension arose between the siblings because Spivak had named Michelle as the beneficiary of an annuity, a $60,783.66 asset that passed outside of probate.[1] It appears that Fisher, Peter P., and Peter S. believed Michelle should share the annuity equally with her siblings, but Michelle disagreed.

In her will, Spivak emphasized that her children were all "equal insofar as their being a beneficiary of [her] estate." Spivak further indicated that she did "not want any of [her] children to give up and/or forfeit any share of [her] Estate which [she had] devised to them for any reason." If any of the beneficiaries opposed the estate plan in court or took actions to subvert her plan, the will provided that that beneficiary would lose his or her right to inherit—an "in terrorem" clause.

The will also provided that upon Spivak's death, she intended all of her assets to flow into the RLT. Fisher, as personal representative of the estate, had "sole discretion" to create a new trust if he deemed it "inadvisable or impossible" to move the estate property into the existing RLT. The will required that any new trust "be held, managed and disposed of" consistent with the provisions of the RLT. The RLT, like Spivak's will, provided that Spivak's children were to be treated equally. The RLT also stated that if the trust was required to be registered, "it must be done in Wayne County, Michigan."

Shortly after his mother's death, Fisher opened an estate case in Wayne Probate Court Docket No. 2017-831763-DE. Fisher decided to create a testamentary trust (TT) to replace Spivak's RLT. Although Peter P. was not designated as a cotrustee of the RLT, he was an integral

---

[1] Certain assets with designated beneficiaries are not part of a decedent's estate. Examples include life insurance and other policies or accounts with designated beneficiaries and bank accounts with rights of survivorship. 1 Restatement Property, 3d, Wills & Other Donative Transfers, § 1.1, comments 9 and 11, pp 9-10. An annuity with a designated beneficiary who outlives the testator similarly does not flow into a decedent's estate.

-3-

part of this decision. In fact, Fisher and Peter P. chose to draft a TT that would be registered in Peter P.'s home state of Washington, where he practices trust law. They asked Michelle to serve as a cotrustee of the TT, but she declined. They also notified Michelle that unless she filed a petition in the Washington action to object within 30 days, the TT would be registered. Michelle alleged that when they asked her to be a cotrustee, her brothers failed to mention that the TT would be registered in Washington. She believed they chose this location to make it more difficult and cost-prohibitive for her to litigate her rights. Moreover, Michelle asserted that around the same time, Fisher and Peter P. threatened to reduce her share of the distributed RLT proceeds because of the nonprobate annuity she received.

Fisher and Peter P. registered the TT in Washington on August 1, 2018. On August 17, Fisher filed a petition in the Wayne County estate case for complete estate settlement, noting his plan to distribute the estate assets into the TT. Michelle objected with the assistance of attorney Marc Thomas of Bendure & Thomas. The court noted that issues relating to the TT were not properly before it. Accordingly, the court advised Michelle and Thomas to file a trust action with the case designation "TT." In the meantime, the court ordered that all estate proceeds remain in the state of Michigan.

Rather than open a new TT action, Michelle's counsel filed two petitions in the estate action: one to void the TT, remove Fisher as personal representative of the estate, and require that any trust assets be distributed equally, and a second for supervised administration of the trust. A week later, Michelle sought discovery from Peter S., Fisher, and Peter P. Fisher challenged the propriety of seeking discovery to invalidate the TT in the estate action. Michelle's counsel then filed a third petition in the estate case, requesting supervision of the RLT, equalization of the trust distributions, removal of the cotrustees, appointment of a third-party trustee, and a declaration that the TT had to be registered in Michigan. In an in-chambers meeting that was later described on the record, the court more specifically instructed Michelle and her counsel to open separate cases to address the issues with the trusts.

Michelle opened Wayne Probate Court Docket No. 2018-843292-TT to challenge the validity of the Washington-registered TT. That action was eventually dismissed for lack of jurisdiction. When the probate court dismissed the TT action, it also lifted the stay in the estate action, allowing the estate proceeds to leave the state, and then dismissed all pending petitions in the estate action. The orders dismissing the trust-based petitions in the estate action included handwritten notes that the action was dismissed because "proper petition filed." Michelle also opened Wayne Probate Court Docket No. 2018-843290-TV to challenge Fisher's actions related to the RLT. She petitioned for supervised administration, equalization of the trust distributions, removal of the cotrustees, appointment of a third-party as the sole trustee, and retention of the trust proceeds in Michigan. Fisher objected in his role as cotrustee. Shortly thereafter, Michelle voluntarily dismissed her petition in the RLT matter and filed objections in Washington.

Fisher did not just take the victory. Instead, Fisher sought sanctions against Michelle, attorney Thomas, and the law firm of Bendure & Thomas under MCR 2.625(A), MCL 600.2591(3), and MCR 1.109(E). He also sought a judgment that Michelle committed a breach of trust in her role as cotrustee of the RLT. Peter P. concurred in both motions. The probate court sanctioned Michelle, Thomas, and his law firm for filing frivolous pleadings. The court also found

that Michelle had committed a breach of trust. Following an evidentiary hearing, the court imposed sanctions of $17,500 in the estate action and $23,500 in the trust case.

These appeals followed.

## II. SANCTIONS FOR ASSERTING FRIVOLOUS CLAIMS

Michelle, Thomas, and his law firm challenge the probate court's assessment of sanctions against them based on their filing of allegedly frivolous petitions in the estate matter. Reviewing the pleadings and transcripts from the relevant timeframe, the probate court did not find any intentional impropriety on the part of Michelle or her counsel when the subject petitions were filed. And contrary to the court's order awarding sanctions, Michelle and her counsel remedied the improper filing rather quickly. There was no ground to take the extraordinary action of imposing sanctions against them.

As a general rule, we review for an abuse of discretion a trial court's decision to impose sanctions against a party in a lawsuit. *Home-Owners Ins Co v Andriacchi*, 320 Mich App 52, 76; 903 NW2d 197 (2017). We review for clear error a trial court's underlying determination that sanctions are warranted because a pleading filed by a party is frivolous. *Id*. at 75. "A finding is clearly erroneous where, although there is evidence to support the finding, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made." *Id*. at 75-76 (quotation marks and citation omitted).

The probate court imposed sanctions under MCR 1.109(E), MCR 2.625(A), and MCL 600.2591. MCR 1.109(E) provides, in pertinent part:

> (5) *Effect of Signature*. The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that:
>
> (a) he or she has read the document;
>
> (b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and
>
> (c) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> (6) *Sanctions for Violation*. If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

(7) *Sanctions for Frivolous Claims and Defenses*.  In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to cost as provided in MCR 2.625(A)(2).  The court may not assess punitive damages.

MCR 2.625(A)(2) provides, "In an action filed on or after October 1, 1986, if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591."  And MCL 600.2591 states:

(1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

(2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

(3) As used in this section:

(a) "Frivolous" means that at least 1 of the following conditions is met:

(*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

(*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(*iii*) The party's legal position was devoid of arguable legal merit.

(b) "Prevailing party" means a party who wins on the entire record.

It is important to remember with all these rules that "[a] claim is not frivolous merely because the party advancing the claim does not prevail on it."  *Grass Lake Improvement Bd v Dep't of Environmental Quality*, 316 Mich App 356, 365; 891 NW2d 884 (2016) (quotation marks and citation omitted).  Nor is a garden-variety legal error equivalent to frivolity.  Sanctions are intended to address (and to deter) egregious and intentional abuses of the judicial process.  No such conduct occurred here.

In imposing sanctions, the probate court reasoned that Michelle and her counsel knew or should have known that her initial petitions in the estate case were improperly filed as they were on notice that the TT had already been created and registered in Washington.  Michelle and her counsel compounded their error, in the court's estimation, by filing additional petitions regarding the trusts in the estate case in October 2018, petitions that "were clearly devoid of all legal merit . . . as brought in an improper proceeding."  The court further decried that counsel filed the petitions in the estate action "despite being specifically told by the Court" in September 2018 "that any further proceedings involving the [TT] . . . had to be brought as a separate [TT] proceeding."  The court noted that Michelle and her counsel also made discovery requests pertaining to the trusts in

-6-

the estate action, which were withdrawn after Fisher sought a protective order. The court continued:

> Although these pleadings were ultimately corrected at the insistence of this Court on November 14, 2018, these improper pleadings required responses and adjournments that caused unnecessary delay and the needless expenditure of attorney fees and costs by the parties. Under the circumstances, this Court believes that the frivolous-claim-or-defense provisions of the Michigan Court Rules under MCR 1.109(E) and MCL 600.2591 which impose an affirmative duty on each attorney to conduct a reasonable inquiry into the factual and legal viability of a pleading before it is signed and have been violated by the Respondent and her counsel warranting the imposition of reasonable sanctions.

The sanctions imposed for the erroneous filing of the trust petitions in the estate matter are insupportable. Neither MCR 1.109(E), MCR 2.625(A)(2), nor MCL 600.2591 provide for sanctions based on easily remedied procedural errors. It is not uncommon for parties to file actions under the wrong case code or in the wrong division of a court. These errors are easily corrected. The opposing party rarely suffers any prejudice. Pleadings filed in the wrong type of action put the opposing party on notice of the filer's claims or defenses and rarely generate surprise or "unnecessary delay," particularly when exactly the same pleadings are simply refiled in the correct proceeding. Additional attorney fees are not warranted in such matters as the pleadings remain the same, with only a docket number change. Moreover, such errors usually result from excusable negligence or miscommunication, and are not deliberately undertaken to harass the other party.

It is clear on this record that attorney Thomas simply misunderstood the probate court's direction. Between September and October, Thomas amended the petitions to focus on challenges to the trusts rather than treating the trusts as an offshoot of the estate. But Thomas failed to open a new trust action. This error was noted during an in-chambers meeting. Neither the court nor the opposing parties suggested that sanctions might be warranted. Thomas then remedied the error by opening a "TT" designated case regarding the testamentary trust and a "TV" case regarding the RLT. The petitions filed in those dockets were not new; they mirrored the incorrectly filed petitions. Accordingly, the opposing parties had no extra work and were not prejudiced.

Moreover, Thomas's error was merely administrative in nature. Such errors do not equate with filing a document that lacks any factual or legal support. See MCR 1.109(E)(5)(b); MCL 600.2591(3)(a)(*ii*)-(*iii*). There is no record indication that Thomas filed the October 2018 petitions in the estate action for any improper purpose. See MCR 1.109(E)(5)(c); MCL 600.2591(3)(a)(*i*). The probate court clearly erred in finding to the contrary and therefore abused its discretion by imposing sanctions against Michelle, Thomas, and his law firm for filing frivolous pleadings. We reverse that order.

-7-

## III. BREACH OF TRUST

The probate court's award of attorney fees was not based solely on the alleged frivolity of the petitions, however. The probate court also determined that Michelle committed a breach of trust in her role as cotrustee of the RLT. Michelle challenges that ruling.[2] Fisher, on the other hand, challenges the probate court's failure to award the full amount of attorney fees accrued as a result of Michelle's alleged breach.

A "breach of trust" is defined under the Michigan Trust Code (MTC), MCL 700.7101 *et seq.*, as "[a] violation of a duty the trustee owes to a trust beneficiary . . . ." MCL 700.7901(1). A trustee has a duty to "administer the trust in good faith, expeditiously, in accordance with its terms and purposes, for the benefit of the trust beneficiaries . . . ." MCL 700.7801. A trustee owes a duty of loyalty to the trust beneficiaries, meaning he or she "shall administer the trust solely in the interests of the trust beneficiaries." MCL 700.7802(1). A trustee must "take reasonable steps to take control of and protect the trust property." MCL 700.7810. Overall, trustees owe trust beneficiaries "duties of honesty, loyalty, restraint from self-interest and good faith." *In re Green Charitable Trust*, 172 Mich App 298, 313; 431 NW2d 492 (1988). To remedy the damage caused by a breach of trust, the court may take a variety of acts, including "[c]ompel[ling] the trustee to redress" the breach "by paying money, restoring property, or other means." MCL 700.7901(2)(c). "A trustee who commits a breach of trust is liable to the trust beneficiaries affected for . . . [t]he amount required to restore the value of the trust property and trust distributions to what they would have been had the breach not occurred." MCL 700.7902(a). Overall, whether a trustee has committed a breach of trust is a question of fact. *Green Charitable Trust*, 172 Mich App at 312.

The probate court's findings in relation to this issue fit into a single paragraph:

[I]n bringing multiple petitions (one in the Estate and one against the [RLT]) without proper consultation (with the other Co-Trustees) or at the very least, diligent investigation as to the viability and arguable legal merit of her claims[6], was a breach of trust according to MCL 700.7901(1) which caused the RLT to incur substantial and unnecessary attorney fees and costs. According to MCL 700.7901(2)(c) and MCL 700.7902(a), she, as a current co-trustee, now has a duty to restore this property to the Trust and all its beneficiaries, as if this breach did not occur. The Trust must be made whole[.]

---

[6] As a Beneficiary, [Michelle] arguably did not have a property right to force early equal discretionary distributions from the [RLT]. Despite acknowledging this in her reply to this motion, [Michelle] claims her lack of such a property right does not matter. This Court disagrees. In order for her pleading to have arguable legal merit, she had to have such a right to enforce.

---

[2] We note that the court did not hold Thomas or his law firm liable for breach of trust and they cannot be jointly and severally liable for alleged conduct committed only by Michelle. Our resolution of the first issue therefore ends the attorneys' role in this appeal.

Michelle was both a cotrustee and a beneficiary of the RLT. In resolving whether Michelle committed a breach of trust, we must remember that Michelle had dual roles. Michelle could file suit in her role as a cotrustee. A cotrustee "can maintain a suit against his co-trustee" to challenge the other's breach of trust" and has a duty "to use reasonable care to prevent the [other cotrustees] from committing a breach of trust." 3 Scott Trusts, § 200.2, pp 1644-1645; 2 Scott Trusts, § 184, p 1474. Although Michelle did not entitle her claims "breach of trust," the substance of her allegations was that Fisher and Peter P. were not acting in the best interests of the trust, their fellow cotrustee, or the beneficiaries and their conduct needed to supervised or their roles refilled.

Moreover, Michelle's cotrustees allegedly treated her inequitably in her beneficiary role. Had Fisher and Peter P. threatened to reduce Peter S.'s or Jeffrey's shares of the trust distributions, Michelle would have every right in her role as trustee to protect their interests. Michelle as a trustee had the same right to protect her own interest as a beneficiary.

Trust beneficiaries have a right to seek several forms of equitable relief, including:

(a) to compel the trustee to perform his duties as trustee;

(b) to enjoin the trustee from committing a breach of trust;

(c) to compel the trustee to redress a breach of trust;

(d) to appoint a receiver to take possession of the trust property and administer the trust;

(e) to remove the trustee. [1 Restatement Trusts, 2d, § 199, p 437.]

Michelle's petitions sought these remedies. She sought to remove the trustees and appoint an independent third-party as trustee to ensure that everyone was treated equally and fairly. She requested an order for equal distributions from the trust. And she sought a declaration that her request for equal distributions did not violate the spirit of the trust's requirement that none of the beneficiaries challenge the trust provisions. These were permitted requests for the protection of all beneficiaries. Michelle had a legitimate argument that her mother intended to make a separate nonprobate transfer to her without affecting the probate estate; she was not seeking a windfall without any legal justification. The mere act of filing these petitions to protect the interests of a beneficiary (even though it was herself) did not amount to a breach of trust.

Moreover, the court's conclusion that Michelle committed a breach of trust by first filing her petitions in the wrong matter is not supportable. The court failed to explain how this easily remedied filing error was a breach of any duty owed by a trustee. As previously noted, the erroneous filing could not have caused extra work for the opposing parties as the same petitions were refiled in the newly opened trust matters. Accordingly, the court's determination that the filing mistakes cost the trust significant attorney fees is clearly erroneous. We must reverse that portion of the probate court's opinion and order as well. As such, Fisher's appellate challenge to the amount of attorney fees awarded is moot.

In these consolidated matters, we reverse the probate court's order sanctioning Michelle Perron, Marc Thomas, and Bendure and Thomas. We also reverse the probate court's order finding Michelle liable for a breach of trust and ordering her to reimburse the trust for attorney fees.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause